UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, **Plaintiff,** v. MANUEL CANTU SALINAS, JR., Defendant. | Case No. 1:90-cr-00041-BLW **MEMORANDUM DECISION AND ORDER** |

Before the Court is a Notice of Void Judgment (Dkt. 297) by Defendant Manuel Cantu Salinas, Jr. To the extent that Defendant intends, by this Notice, to petition the Court to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255(a), the Court will deny the request, as expressed below.

## BACKGROUND

Defendant was convicted on January 9, 1992, and sentenced to a life term of imprisonment on one count of engaging in a continuing criminal enterprise, and for five year concurrent terms for each of two counts of distributing cocaine. The Court also imposed a $25,000 fine. On appeal, the Ninth Circuit remanded for re-sentencing, noting the Court was free to reconsider the fine imposed. *See United States v. Salinas*, 97 F.3d

1462 (9th Cir. 1995). On April 22, 1997, the Court re-sentenced Defendant to 360 months, and imposed a fine of $14,000.

Defendant appealed again, and the Ninth Circuit affirmed. *See United States v. Salinas*, 141 F.3d 1182 (9th Cir. 1998). Defendant file da habeas petition on June 14, 1999, stating various grounds for relief under 28 U.S.C. § 2255. The Court denied the petition on March 27, 2003. *Order*, Dkt. 292. Defendant now files this Notice, challenging the validity of the proceedings against him in this case, and arguing that he "should be released immediately." *Notice*, Dkt. 297.

## DISCUSSION

A prisoner asserting the right to be released "may move the court which imposed the sentence to vacate, set aside or correct the sentence" under 28 U.S.C. § 2255(a). A second or successive motion to vacate, set aside or correct a sentence under 28 U.S.C. § 2255 must be certified by a panel of the appropriate appellate court to contain newly discovered evidence, or a new rule of constitutional law not previously available. 28 U.S.C. § 2255(h). Defendant here has not pursued or obtained certification from the Ninth Circuit to file a second petition under § 2255. Reviewing Defendant's motion as a request under § 2255, the Court will deny the motion as failing to meet this certification requirement under § 2255(h).

## ORDER

**IT IS ORDERED THAT** Defendant's Notice of Void Judgment (Dkt. 297), to the extent that it seeks relief under 28 U.S.C. § 2255, is **DENIED**.



DATED: May 8, 2012

_____
B. Lynn Winmill
Chief Judge
United States District Court